IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JOSEPH EUGENE OSBORNE                                           PETITIONER

VS.                               CIVIL ACTION NO. 3:13-cv-784-WHB-RHW

MARSHALL FISHER, Commissioner,
Mississippi Department of Corrections; and
JIM HOOD, Attorney General of the
State of Mississippi                                            RESPONDENTS

<u>OPINION AND ORDER</u>

This cause is before the Court on the Objection of Petitioner, Joseph Eugene Osborne ("Osborne"), to the Report and Recommendation ("R and R") of United States Magistrate Judge Robert H. Walker. Having considered the R and R, Osborne's Objection thereto,[1] the other pleadings in this case, as well as relevant authorities, the Court finds the R and R should be adopted in its entirety over Osborne's Objection.

I.   Discussion

Osborne was charged with murder following the suffocation of five-year-old Charlie Hopkins, the son of his live-in girlfriend. The death-by-suffocation determination was made by pathologist, Dr. Steven Hayne ("Hayne") who, while performing an autopsy on

---

[1] Respondents have not filed any objections to the subject R and R, and the time period for so doing has expired.

Charlie's body, observed, *inter alia*, (1) multiple abrasions and bruises on Charlie's face that were consistent with a hand having been held over his nose and mouth, and (2) the presence of petechia, which are often associated with asphyxiation. Following trial, at which Hayne and several other witnesses testified, Osborne was found guilty of murder, and was sentenced to a term of life imprisonment. Osborne's conviction was affirmed on direct appeal. See Osborne v. State, 942 So.2d 193 (Miss. Ct. App. 2006), cert. denied, 942 So.2d 164 (Miss. 2006).

In November of 2012, Osborne filed a Petition for Post-Conviction Relief in the Mississippi Supreme Court, alleging, *inter alia*, that the State had violated his constitutional rights to due process, a fair trial, and to confront witnesses. Osborne's claims were predicated on Hayne's qualifications (or alleged lack thereof) to offer forensic evidence, and Hayne's testimony in his and other trials. Osborne's Petition was denied as follows:

> In the present application, Osborne maintains that he has obtained evidence regarding Dr. Steven Hayne's alleged arrangement with the State, professional qualifications, and instances of "forensic fraud," all of which purportedly constitute "newly-discovered evidence." See Miss. Code Ann. §§ 99- 39-5(2)(a)(i), 99-39-27(9). Relatedly, Osborne raises claims of alleged violations of "fundamental constitutional rights based upon such "newly-discovered evidence" (i.e., violations of Osborne's: (1) due process rights under Napue v. Illinois, 360 U.S. 264 (1959), via the presentation of false evidence during trial; (2) due process rights under Brady v. Maryland, 373 U.S. 83 (1963); (3) substantive right to a fair trial via "gross violations of [the] Rules of Evidence" (namely, Mississippi Rule of Evidence 702); and (4) rights under the Confrontation Clause)).

2

> After due consideration, the panel finds that Osborne's claim of "newly discovered evidence" is without merit as the subject evidence was "reasonably discoverable at the time of trial" and/or not "of such nature that it would be practically conclusive that, if it had been introduced at trial, it would have caused a different result in the conviction or sentence." Miss. Code Ann. §§ 99-39-5(2)(a)(i), 99-39-27-(9). As such, that claim is time-barred and should be denied. Since Osborne's alleged "fundamental" constitutional right claims are predicated upon evidence which is not "newly-discovered," the panel finds that those claims are waived. See Miss. Code Ann. § 99-39-21(1). Alternatively, the panel finds that Osborne's alleged "fundamental" constitutional right claims are without merit and should be denied. Finally, the panel finds that Osborne has failed to present a substantial showing of the denial of a state or federal right. Accordingly, the panel finds that Osborne's present application should be denied.

Osborne v. State, No. 2012-M-1845, slip order at 1-2 (Miss. May 29, 2013).

Following the decision of the Mississippi Supreme Court, Osborne file a Petition, pursuant to 28 U.S.C. § 2254, for Writ of Habeas Corpus by a Person in State Custody ("2254 Petition") in this Court. In his 2254 Petition, Osborne raises the following claims:

> (1) He was denied his right to due process, as articulated in Napue v. Illinois, 360 U.S. 264 (1959), based on Hayne's offering false and misleading evidence regarding (a) his qualifications and (2) his findings with respect to Charlie's death;

>   (2) He was denied his right to due process, as articulated in <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), based on the failure of the State to disclose material evidence regarding (a) its business relationship with Hayne, (b) Hayne's license and credentialing history, and (c) Hayne's time-of-death determination; and
>
>   (3) He was denied his Sixth Amendment to confront witnesses based on the failure of the State to disclose impeaching information regarding Hayne.

The 2254 Petition came before United States Magistrate Judge Robert H. Walker who, upon review, entered a Report and Recommendation ("R and R") recommending that Osborne's Petition be dismissed as untimely.

In making his recommendation, Judge Walker first found that Osborne's Petition was governed by a one-year statute of limitations that began to run from the latest of:

>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; [or]
>
>   ....
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A),(D). Judge Walker reasoned that if the applicable statute of limitations began to run on the date on which judgment in Osborne's state criminal case became final in 2006, his 2254 Petition was clearly untimely as it had not been filed until 2013. See R and R [Docket No. 21], 10. Judge Walker next considered Osborne's argument that his 2254 Petition was timely under 2244(d)(1)(D) because he did not know of the factual predicate underlying his claims until a deposition given by Hayne was made public in 2012. Judge Walker rejected Osborne's argument on the grounds that his claims are based on information that was known, or discoverable by due diligence, well before Hayne's deposition was made public. See id. The sources of information identified by Judge Walker include:

> 1. There is anecdotal evidence suggesting that, as early as 1992 or 1993, the Jackson Advocate ran a letter to the editor from Dr. Lloyd White criticizing Dr. Hayne's "lack of credentials and poor practices" that permitted him to "generate hundreds of thousands of dollars in personal income as a result of his extremely cozy relations with ... state employees and officials." This publication was over ten years before Osborne's trial.
>
> 2. Similarly, as early as 1995, the Clarion Ledger ran a story reporting on the efforts of several coroners associated with Dr. Hayne to force Dr. Emily Ward to resign as state medical examiner after she attempted to take on more of the state's autopsy work. This was also well before Osborne's trial.
>
> 3. In 2007, in his concurring opinion on the reversal of Tyler Edmonds's conviction for capital murder, a Mississippi Supreme Court Justice criticized Dr. Hayne's testimony in the case, noting that he failed the ABP exam and likely fabricated or exaggerated his other

>    credentials. The opinion relies on an article written by
>    Radley Balko and published in October, 2006.
>
>    4. Also in 2007, another article written by Radley Balko
>    was published, in which he repeats the information about
>    Hayne's lack of certification. In addition, the article
>    estimated his annual income as "millions," noting that
>    the Department of Public Safety estimated that he did 80
>    percent of all forensic autopsies performed in the state.
>
>    5. In February, 2008, the Jackson Free Press published an
>    article describing Hayne's workload as "six times the
>    recommended number of autopsies per year .... [and] nets
>    roughly $1 million annually." A few months later, the
>    Clarion Ledger published an article describing Hayne's
>    certification deficiencies, criticizing the number of
>    autopsies he performed, quoting another forensic
>    pathologist as saying that Hayne had made some serious
>    mistakes, and estimating his income.
>
>    6. The Innocence Project issued a press release in
>    February, 2008, reporting on Hayne's workload and his
>    lack of board certification. In March, the Innocence
>    Project issued a press release accusing Dr. Hayne of
>    forensic misconduct. In August, the Innocence Project
>    issued a press release announcing that the Public Safety
>    Commissioner had severed all ties with Hayne.
>
>    7. The August press release also contained a link to the
>    Innocence Project's fourteen-page letter to the State
>    Board of Medical Licensure, written in April 2008,
>    calling for the revocation of Dr. Hayne's license to
>    practice medicine. The letter goes into great detail on
>    the deficiencies in Dr. Hayne's medical testimony in
>    various cases and ultimately accuses him of
>    "unprofessional, dishonorable, and unethical conduct
>    likely to deceive, defraud or harm the public by
>    providing false, fraudulent, or forged statements under
>    the pretext of his allegedly 'medical expert' status."

Id. at 23-24. After considering the information that was publically available beginning in the early 1990s through 2008, Judge Walker was of the opinion that that information was sufficient to trigger the statute of limitations long before

Hayne's deposition was unsealed in 2012. See id. at 24-26. Based on the available public information, Judge Walker was likewise of the opinion that "Osborne has not met his burden of showing that he exercised due diligence by waiting until after Dr. Hayne's 2012 deposition to file his Petition. While he did not have all of the information before the deposition that he has now, there was enough information available to him to alert him to a potential habeas claim based on Hayne's testimony in his trial." Id. at 30. Based on these findings, Judge Walker recommended that Osborne's 2254 Petition be dismissed as time-barred.

Osborne timely filed Objections to the R and R. A district judge has authority to review a magistrate judge's R and R regarding prisoner petitions, and is required to make a *de novo* determination of any portion of the R and R to which a specific written objection has been made. See 28 U.S.C. § 636(b); FED. R. CIV. P. 72(b). Thereafter, the district judge may accept, reject, or modify the recommendation of the magistrate; receive further evidence in the case; or recommit the matter to the magistrate with further instructions. Id.

In his Objection, Osborne argues that the anecdotal information relied upon by Judge Walker was insufficient to trigger the statute of limitations because that information, at most, raises only suspicions – as opposed to facts – concerning Hayne's alleged misinformation/misconduct. Osborne also argues that Judge

7

Walker held him to an unreasonably high standard with respect to whether he exercised due diligence in attempting to discover the bases for the claims alleged in his 2254 Petition. Having considered Judge Walker's R and R, and the governing authorities, the Court finds no error with respect to Judge Walker's opinions regarding whether the information regarding Hayne that was publically available prior to 2012 would have been sufficient to permit Osborne to discover the factual predicate for the claims he alleges in his 2254 Petition more than one year before that Petition was filed. The Court additionally finds no error with respect to Judge Walker's opinion that Osborne did not demonstrate that he acted with due diligence in pursuing and/or seeking to discover the predicate for his habeas claims.

Osborne also objects to the R and R on the grounds that Judge Walker did not address his actual innocence arguments. Relevant to this Objection, Osborne relies on McQuiggin v. Perkins, 133 S. Ct. 1924 (2013), a case in which the United States Supreme Court held that a claim of actual innocence could survive a procedural bar in a habeas corpus proceeding, including a statute of limitations. As noted by Osborne, to avail himself to the actual innocence "gateway", he must "demonstrate [that] more likely than not, in light of the new evidence, no reasonable jury would find him guilty beyond a reasonable doubt." House v. Bell, 547 U.S. 518, 538 (2006)(citing Schlup v. Delo, 513 U.S. 298 (1995)).

Having reviewed the pleadings, the Court finds that the evidence on which Osborne relies in support of his 2254 claims is not "new" because, as concluded by Judge Walker, the information contained in that evidence was previously available from other public sources. Additionally, the evidence relied upon by Osborne is not of the type previously held by courts to be sufficient predicate for an actual innocence claim. See e.g. Fairman v. Anderson, 188 F.3d 635, 644 (5th Cir. 1999)(explaining that to establish the requisite probability of actual innocence, a "petitioner must support his allegations with new, reliable evidence that was not presented at trial and must show that it was "'more likely than not that no reasonable juror would have convicted him in the light of the new evidence'", and that "new, reliable evidence that may establish factual innocence include exculpatory scientific evidence, credible declarations of guilt by another, trustworthy eyewitness accounts, and certain physical evidence.")(quoting Schlup, 513 U.S. at 327, and citing Schlup, 513 U.S. at 324; Sawyer v. Whitley, 505 U.S. 333, 340 (1992)).  While the purported new evidence referenced by Osborne may have had bearing on Hayne's credibility, the Court cannot find that a reasonable juror would not have convicted Osborne if that evidence had been presented at trial.  Thus, because Hayne's deposition testimony does not constitute new evidence, but reflects information that was otherwise available from other sources, and

does not demonstrate actual innocence, the Court finds Osborne has not shown that his actual innocence argument survives his untimely 2254 Petition.

For these reasons, the Court finds Judge Walker's recommendation that Osborne's 2254 Petition be dismissed as time-barred, and the grounds for that recommendation, should be adopted as the ruling of the Court over Osborne's objections.

Accordingly:

IT IS THEREFORE ORDERED that the Report and Recommendation of the Magistrate Judge [Docket No. 21] is hereby accepted and adopted as the ruling of this Court, and Petitioner's Objection [Docket No. 23] is hereby overruled.

IT IS FURTHER ORDERED that a Final Judgment dismissing Osborne's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 with prejudice shall be entered this day.  No Certificate of Appealability will issue as Osborne has failed to make a substantial showing of the denial of a constitutional right in that his Petition was untimely filed.

SO ORDERED this the 28th day of March, 2017.


                                        s/ William H. Barbour, Jr.
                                        UNITED STATES DISTRICT JUDGE